# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
NELSON COHEN, BAR NO. 7657.

No. 71846

FILED

JAN 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER GRANTING PETITION FOR TEMPORARY SUSPENSION

This is a petition by the State Bar for an order temporarily suspending attorney Nelson Cohen from the practice of law, pending resolution of formal disciplinary proceedings against him. The petition and supporting documentation demonstrate that Cohen appears to have sought and obtained reimbursement from a client for expenses that were never incurred. Cohen opposes the petition, arguing that he is not currently causing great harm or posing a substantial threat to the public.

The State Bar's petition is grounded on SCR 102(4)(b), which provides, in pertinent part:

> On the petition of bar counsel, supported by an affidavit alleging facts personally known to the affiant, which shows that an attorney appears to be posing a substantial threat of serious harm to the public, the supreme court may order, with notice as the court may prescribe, the attorney's immediate temporary suspension or may impose other conditions upon the attorney's practice.

In addition, SCR 102(4)(c) provides that we may place restrictions on an attorney's handling of funds. We conclude that the documentation before us demonstrates that Cohen poses a substantial threat of serious harm to the public to warrant his immediate temporary suspension from the

17-2286

practice of law. SCR 102(4)(b). We further conclude that Cohen's handling of funds should be restricted.

Accordingly, attorney Nelson Cohen is temporarily suspended from the practice of law, pending resolution of formal disciplinary proceedings against him. Cohen is thus precluded from accepting new clients pursuant to SCR 102(4)(d). In addition, we impose the following restrictions on Cohen's handling of client funds, as provided under SCR 102(4)(c).

1. To the extent applicable,[1] all proceeds from Cohen's practice of law and all fees and other funds received from or on behalf of his clients shall, from the date of service of this order, be deposited into a trust account from which no withdrawals may be made by Cohen except upon written approval of bar counsel.

2. Cohen is prohibited from withdrawing any funds from any and all accounts in any way relating to his law practice, including but not limited to any general and trust accounts, except upon written approval of bar counsel.

Bar counsel shall immediately serve Cohen with a copy of this order. Such service may be accomplished by personal service, certified mail, delivery to a person of suitable age at Cohen's place of employment or residence, or by publication. When served on either Cohen or a depository in which he maintains an account, this order shall constitute an injunction against withdrawal of the proceeds except in accordance

---

[1]It is not clear whether Cohen is representing any clients or receiving any fees or funds from or on behalf of clients at this time.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

with the terms of this order. SCR 102(4)(c). Cohen shall comply with the provisions of SCR 115. Bar counsel shall comply with SCR 121.1.

It is so ORDERED.[2]

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  C. Stanley Hunterton, Bar Counsel
     William B. Terry, Chartered
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, United States Supreme Court

_____

[2]This matter was originally docketed as confidential. Because formal disciplinary proceedings have been initiated and are currently pending, and because we are granting this petition, this matter is now open to the public. SCR 121(1), (5). This is our final disposition of this matter. Any further proceedings involving Cohen shall be docketed as a new matter.